Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, California 94104
Telephone No.: 415-672-5991
Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com

Counsel for Plaintiff
FRED HJELMESET

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>    ICHARTS, INC.,<br><br>        Debtor. | Case No. 18-50958 MEH<br>Chapter 7<br>Hon. M. Elaine Hammond |
| FRED HJELMESET,<br>Chapter 7 Trustee,<br><br>        Plaintiff.<br><br>v.<br><br>VALERIE DUNCKER,<br><br>        Defendant. | Adv. Proc. No.<br><br>**COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS** |

Plaintiff, Fred Hjelmeset, Chapter 7 Trustee of the estate of the above Debtor, alleges as follows:

1.    This Court has jurisdiction over this Adversary Proceeding under Sections 151, 157(b)(2), and 1334 of Title 28 of the United States Code, and Rule 5011-1 of the Bankruptcy Local Rules for the Northern District of California.

2.    This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (F) and (O).

3.    Venue is proper under 28 U.S.C. § 1409.

4.      Plaintiff consents to entry by the Bankruptcy Court of a final order or final judgment.

5.      The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 30, 2018 ("Petition Date").

6.      According to the Debtor's sworn bankruptcy petition, the chief executive officer of the Debtor is Seymour Duncker.

7.      The Trustee is informed and believes and on that basis alleges that Valerie Duncker ("Defendant"), is an individual who resides in Santa Clara County, California.

8.      According to the Debtor's sworn Schedule D, and its bankruptcy statement of financial affairs, the Defendant is the spouse of Seymour Duncker.  Pursuant to Bankruptcy Code Section 101(31)(B)(vi), the Defendant is an "insider" of the Debtor.

9.      The Trustee is informed and believes and onthat basis alleges that on or about October 25, 2017, the Defendant was party to a loan and security agreement with the Debtor and, pursuant to this loan agreement, the Defendant advanced $50,000 to the Debtor ("Loan").

10.     The Trustee is informed and believes and on that basis alleges that the Loan proceeds, $50,000, was delivered to the Debtor by the Defendant on or about November 9, 2017 ("Funding Date").  The Trustee is informed and believes and on that basis alleges that on the Funding Date the Debtor was insolvent.

11.     On January 4, 2018, approximately 55 days after the Funding Date, Defendant caused to be filed and recorded with the California Secretary of State a UCC-1 financing statement, Filing No. 18-7625944238 ("CA UCC-1").

12.     On January 12, 2018, approximately 62 days after the Funding Date, Defendant caused to be filed and recorded with the Delaware Department of State a UCC-1 financing statement, Filing No. Filing No. 2018 0286191 ("DE UCC-1", collectively with the CA UCC-1, the "Financing Statements").

13.     On February 1, 2018, less than 90 days prior to the Petition Date, the Defendant received from the Debtor a payment in the amount of $60,000 ("Transfer") which represented the full repayment of the principal of the Loan, plus a 20% loan premium of $10,000.

/ / /

**FIRST CLAIM FOR RELIEF**
Avoidance and Recovery of Preferential Transfers
(11 U.S.C. § 547)

14.     Plaintiff realleges the allegations set forth in paragraphs 1 through 13 above and incorporates them by this reference.

15.     The Financing Statements, which resulted in the Defendant's alleged perfected security interests in the Debtor's assets, were filed more than 30 days after the Funding Date.   The transfer of an interest in the Debtor's property is deemed to occur immediately prior to the Petition Date, where the transfer is not perfected within 30 days after the Funding Date.  The filing of the Financing Statements, more than 30 days after the Funding Date occurred, was a transfer of an interest of the Debtor in property, was made to or for the benefit of the Defendant, who was a creditor of the Debtor and insider, was made on or account of antecedent debt owed by the Debtor to the Defendant before the transfer was made, and was made while the Debtor was insolvent within one year before the Debtor filed its voluntary Chapter 7 petition.

16.     The Financing Statements enabled the Defendant to receive more than she would have received if the Financing Statements not been filed, the case was a case under Chapter 7 of the Bankruptcy Code, and the Defendant received payment of the debt owed to her to the extent provided by the provisions of the Bankruptcy Code.

**SECOND CLAIM FOR RELIEF**
Avoidance and Recovery of Preferential Transfers
(11 U.S.C. § 547)

17.     Plaintiff realleges the allegations set forth in paragraphs 1 through 16 above and incorporates them by this reference.

18.     The Transfer made within one year before the Petition Date was a transfer of an interest of the Debtor in property, was made to or for the benefit of the Defendant, who was a creditor of the Debtor and insider, was made on or account of antecedent debt owed by the Debtor to the Defendant before the Transfer was made, and was made while the Debtor was insolvent within one year before the Debtor filed its voluntary Chapter 7 petition.

/ / /

19. The Transfer enabled the Defendant to receive more than she would have received if the Transfer had not been made, the case was a case under Chapter 7 of the Bankruptcy Code, and the Defendant received payment of the debt owed to her to the extent provided by the provisions of the Bankruptcy Code.

## REQUEST FOR RELIEF

A. On Plaintiff's First Claim for Relief, for judgment under 11 U.S.C. § 547(b) against the Defendant, avoiding the transfers that resulting by the filing of the Financing Statements as preferential transfers under 11 U.S.C. §§ 547(b) and 547(2)(C), and preserving the transfers for the benefit of the estate under 11 U.S.C. § 551.

B. On Plaintiff's Second Claim for Relief, for judgment under 11 U.S.C. § 547(b) against the Defendant avoiding the Transfer, $60,000, as a preferential transfer under 11 U.S.C. § 547(b), and preserving the transfer for the benefit of the estate under 11 U.S.C. § 551.

C. For costs of suit.

D. For other relief the Court may deem appropriate.

DATED: February 27, 2019      RINCON LAW LLP

By: */s/ Gregg S. Kleiner*
GREGG S. KLEINER
Counsel for Plaintiff Fred Hjelmeset